**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **ANDREW MICHAEL WEST,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 12-CV-0653-CVE-FHM |
| | ) |
| **ANITA TRAMMELL, Warden,** | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This is a 28 U.S.C. § 2254 habeas corpus action commenced by Petitioner, a state inmate appearing pro se. The Clerk of Court received the petition (Dkt. # 3) on November 30, 2012. In response to the petition, respondent filed a motion to dismiss (Dkt. # 10), alleging that under 28 U.S.C. § 2244(d)(1)(A), the petition is barred by the one year statute of limitations. Petitioner filed a response (Dkt. # 14) to the motion to dismiss. For the reasons discussed below, the Court finds that under either 28 U.S.C. § 2244(d)(1)(A) or 28 U.S.C. § 2244(d)(1)(D), the petition is time barred. Therefore, Respondent's motion to dismiss is granted and the petition for writ of habeas corpus is dismissed with prejudice.

*BACKGROUND*

Petitioner was convicted by a jury in Creek County District Court, Case No. CF-1988-127, of Second Degree Burglary (Count I), Grand Larceny (Count II), Use of a Firearm While in the Commission of a Felony (Count III), and Shooting With Intent to Kill (Count IV), All After Former Conviction of a Felony. See Dkt. # 11-1. Creek County District Judge Donald Thompson sentenced petitioner in accordance with the jury's recommendation to one hundred (100) years imprisonment for Counts I, III, and IV, and ten (10) years imprisonment for Count II, with the sentences to be served consecutively. Id. Petitioner was represented at trial by attorney Edwin T. Chapman. Id.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Gloyd L. McCoy, Petitioner raised five (5) claims on direct appeal, as follows:

> I. that the State failed to present sufficient evidence to convict him of Grand Larceny;
>
> II. that he was denied a fair trial because of the admission of other crimes evidence;
>
> III. that he was denied a fair trial because of improper comments made by the prosecutor;
>
> IV. that the district court committed reversible error by allowing his offer to take a polygraph examination to be deleted from the taped interrogation; and
>
> V. that the sentences imposed on him are excessive and should be modified and the trial judge made no factual findings which would justify imposition of consecutive sentences.

See Dkt. # 11-1. In an unpublished Summary Opinion filed September 15, 1993, in Case No. F-1989-1118, the OCCA affirmed Petitioner's convictions, but modified his sentences on Counts I, III, and IV, to fifty (50) years imprisonment. Id. Nothing in the record suggests that Petitioner sought certiorari review in the United States Supreme Court.

On April 16, 2010, Petitioner, represented by attorney John M. Weedn, filed an application for post-conviction relief in the state district court. See Dkt. # 11-2. He filed an amended application, see Dkt. # 11-3, on April 26, 2010. In his amended application, Petitioner raised two (2) grounds for relief, as follows:

> Proposition 1:  Petitioner is entitled to a trial conducted by an impartial judge. Judge Donald Thompson presided over the trial of the Petitioner. Petitioner was charged with Shooting With Intent to Kill and the alleged victim of that crime was the husband of Judge Thompson's Minute Clerk during the trial and the relationship of the Judge's Clerk was not disclosed to the Petitioner.
>
> Proposition 2:  Petitioner is entitled to a trial attorney that will fully represent his interest. Judge Donald Thompson presided over the trial of Petitioner. Petitioner was

>charged with Shooting With Intent to Kill and the alleged victim of that crime was the husband of Judge Thompson's Minute Clerk during the trial and the relationship of the Judge's Clerk was not disclosed to Petitioner. It has been alleged that trial counsel for Petitioner was advised of this relationship and did not seek recusal of Judge Thompson and did not disclose this information to Petitioner.

See Dkt. # 11-3 at 2-3. As part of his application, Petitioner offered the following explanation for his failure to raise these claims on direct appeal:

>The issue was only discovered by the Petitioner during the trial of Judge Donald Thompson when it was reported that Dianna Horath was Judge Thompson's minute clerk. In February 2006 an investigator for the Petitioner determined that Dianna Horath was the wife of Trooper Jack Horath, the alleged victim of the Shooting With Intent to Kill Count, and was Judge Thompson's minute clerk during the time Judge Thompson presided over Petitioner's trial. Dianna Horath has alleged to investigators that trial counsel for Petitioner was advised of the relationship.

Id. at 4. In support of his post-conviction claims, Petitioner provided the affidavit of his investigator, Terry Laflin. See Dkt. # 11-2 at 18. Laflin executed the affidavit on October 26, 2009. Id. at 19. By order filed July 21, 2011, the state district court denied post-conviction relief. See Dkt. # 11-5. Petitioner appealed. On November 29, 2011, in Case No. PC-2011-740, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 11-7.

Petitioner, appearing pro se, commenced this habeas corpus action on November 30, 2012. Petitioner states, under penalty of perjury, that he placed the petition in the prison mailing system on November 28, 2012. See Dkt. # 3 at 14. In his petition, Petitioner identifies four (4) grounds for relief, as follows:

Ground 1: The state district court trial judge should have recused due to his prejudice, biasness, impartiality, etc.

Ground 2: Pet[itione]r's trial counsel was ineffective for failing to request recusal of trial court judge.

3

  Ground 3:  The state courts erred by finding Pet[itione]r's claims are barred by res judicata or any waiver.

  Ground 4:  The state courts erred in requiring Pet[itione]r to offer specific examples of bias, prejudice, impartiality, etc.

See Dkt. # 3. In response to the petition, Respondent filed a motion to dismiss (Dkt. # 10), arguing that Petitioner's claims are barred by the one-year statute of limitations. Petitioner filed a response (Dkt. # 14) to the motion to dismiss. In his response, Petitioner states that he learned in October 2009 that Dianna Horath was Judge Thompson's minute clerk. Id. at 2. He also argues that his one-year limitations period should begin to run on April 16, 2010, the date his attorney filed an application for post-conviction relief in Creek County District Court. Id. at 7.

## *ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). For prisoners whose convictions became final before enactment of AEDPA on April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), overruled on other grounds, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before enactment of the AEDPA were afforded a one-year grace period within which to file for federal habeas corpus relief. In addition, the tolling provision of 28 U.S.C. § 2244(d)(2) applies to toll the one-year grace period. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during the pendency of state post-conviction proceedings properly filed during the grace period.

Application of those principles to the instant case leads to the conclusion that, under 28 U.S.C. § 2244(d)(1)(A), this habeas petition is barred by the one-year limitations period. Petitioner's convictions became final on or about December 14, 1993, after the OCCA affirmed Petitioner's convictions on September 15, 1993, and the 90 day time period for filing a petition for writ of certiorari in the United States Supreme Court had lapsed. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) (conviction becomes final for purposes of § 2244(d)(1)(A) after Supreme Court denies certiorari or after expiration of the 90 day time period allowed for filing a petition for writ of certiorari). Therefore, Petitioner's convictions became final before enactment of the AEDPA and, as a result, his limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had one year, or until April 24, 1997, to file his petition for writ of habeas corpus.

Petitioner filed his application for post-conviction relief on April 16, 2010, or almost thirteen (13) years after expiration of the limitations grace period. A collateral petition filed in state court

after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition filed November 30, 2012, is clearly untimely.

In response to the motion to dismiss, Petitioner contends that when he "discovered he had a cause of action, he exercised due diligence in bringing it to the notice of the courts." See Dkt. # 14 at 2-3. He claims that he had one year from the date the OCCA affirmed the denial of post-conviction relief within which to file a timely petition for writ of habeas corpus. Because the OCCA's ruling was filed November 29, 2011, and Petitioner filed his petition on November 30, 2012, he argues that his petition is timely.

The Court rejects Petitioner's arguments. Petitioner claims that the trial judge was biased because Petitioner's victim was the husband of the judge's minute clerk and that his trial counsel provided ineffective assistance because he knew of the relationship and failed to file a motion seeking recusal of the trial judge. The factual predicate of those claims arose at the time of trial. Therefore, for the reasons discussed above, under both § 2244(d)(1)(A) and § 2244(d)(1)(D), the claims are time barred. Petitioner's belated acquisition of knowledge providing an explanation for the alleged bias does not provide a new trigger date for commencement of the limitations period because it does not serve as a factual predicate for Petitioner's claims. See Purkey v. Kansas, 281 F. App'x 824 (10th Cir. June 13, 2008) (unpublished).[1] Further, recognition of the legal significance of a set of facts does not trigger application of § 2244(d)(1)(D). See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("[T]he trigger in Section 2244(d)(1(D) is (actual or imputed) discovery of the

---

[1]This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

claim's 'factual predicate,' not recognition of the facts' legal significance."). The factual predicate of Petitioner's claims, that he was deprived of a fair trial by the trial judge's bias and that he received ineffective assistance of trial counsel, arose at the time of trial, not when he purports to have learned of the victim's relationship to the trial judge's minute clerk. Therefore, Petitioner's one-year period did not begin to run under § 2244(d)(1)(D) when he filed his application for post-conviction relief. Instead, his one-year period began to run when his conviction became final since he could have discovered the "factual predicate" of his claims, i.e., that the trial court judge was biased and trial counsel failed to seek recusal, at trial.

Even if the one-year period began to run when Petitioner claims to have actually learned that the trial judge's minute clerk was married to the shooting victim, the Court finds that this habeas petition remains untimely. The statute of limitations begins to run under § 2244(d)(1)(D) from the date the petitioner is "on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim." Pacheco v. Artuz, 193 F. Supp. 2d 756, 760 (S.D. N.Y. 2002). In his post-conviction application, Petitioner advised the state district court that he "discovered" these issues "during the trial of Judge Donald Thompson when it was reported that Dianna Horath was Judge Thompson's minute clerk." See Dkt. # 11-3 at 3, 4. The Court notes that the Tulsa World newspaper reported extensively on the criminal trial of former Judge Donald Thompson in June 2006. See, e.g., http://www.tulsaworld.com/archives/former-judge-is-found-guilty/article_173cca9a-6335-5fbf-aed9-88a555ff9a69.html. Petitioner goes on to state in his application for post-conviction relief that in "February 2006" he had hired an investigator who determined that Dianna Horath was the wife of Trooper Jack Horath, the victim of the Shooting With Intent to Kill Count, and was Judge Thompson's minute clerk during the time Judge Thompson

7

presided over Petitioner's trial. See Dkt. # 11-3 at 3, 4. Thus, it appears that Petitioner had actual knowledge of the relationship underlying his claims as early as February 2006. However, he waited until April 16, 2010, or for more than four (4) years, to file his application for post-conviction relief. Under those facts, this habeas petition is clearly untimely under 28 U.S.C. § 2244(d)(1)(D).

In his response to the motion to dismiss, Petitioner admits that "all of Petitioner's habeas propositions arise directly out of the findings in the investigator's affidavit." See Dkt. # 14 at 6. Even if the Court credits Petitioner with the date his investigator executed his affidavit, October 26, 2009, the latest possible date contained in the record for Petitioner's acquisition of the information underlying his claims, the petition is time barred. Assuming Petitioner learned of the facts, at the latest, on October 26, 2009, then his one-year period began to run on October 27, 2009, and he had until October 27, 2010, to file a timely petition. He filed his application for post-conviction relief on April 16, 2010, or with 194 days remaining in the one-year period. As a result, the one-year clock stopped running on April 16, 2010, and did not begin to run again until the conclusion of "properly filed" post-conviction proceedings. See 28 U.S.C. § 2244(d)(2). The OCCA affirmed the denial of post-conviction relief on November 29, 2011. Therefore, Petitioner had to file his petition within 194 days of that date, or by June 10, 2012. He did not file his petition until November 30, 2012, or more than five (5) months beyond the deadline. Therefore, the petition is time barred unless Petitioner demonstrates entitlement to equitable tolling.

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, however, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights

8

diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner fails to demonstrate that extraordinary circumstances stood in his way and prevented timely filing. Petitioner fails to explain why it took his investigator more than three (3) years to prepare his affidavit. Nor does he explain why he waited more than five (5) months after his investigator executed the affidavit to file his application for post-conviction relief or why he waited a full year to file his federal habeas petition after the OCCA affirmed the denial of post-conviction relief. His efforts do not comport with diligence. Petitioner is not entitled to equitable tolling. The petition for writ of habeas corpus is time barred and shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition,

when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of the petition as time barred is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 10) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 3) is **dismissed with prejudice**.
3. A certificate of appealability is **denied**.
4. A separate judgment shall be entered in this matter.

**DATED** this 16th day of January, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE